Dismissed and Memorandum Opinion filed January 25, 2011.

 

 

In The

                                                                                                         

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00877-CV

____________

 

DAVID DAVILA, Appellant

 

V.

 

KALEAA DAVILA, Appellee

 



On Appeal from
the 387th District Court

Fort
Bend County, Texas

Trial Court
Cause No. 10-DCV-178317



 

M E M O R
A N D U M   O P I N I O N

This is an attempted appeal from a final decree of divorce signed
May 25, 2010.  The notice of appeal was not filed until September 3, 2010.  The
clerk’s record reflects that appellant filed a motion for new trial on August
12, 2010.  In addition, on August 6, 2010, appellant filed a sworn motion
pursuant to Texas Rule of Civil Procedure 306a(4), asserting that he had not
received notice of the judgment until July 6, 2010.  Rule 306a provides a
procedure by which a party can obtain a finding that it received notice of the
signing of a judgment more than twenty days but less than ninety days after it was
signed, thus resetting the deadlines for post-judgment motions.  See Tex.
R. Civ. P. 306a(4), (5).  The record does not contain a signed written order
finding the date that appellant received notice or acquired actual knowledge
that the judgment was signed, as required by Texas Rule of Appellate Procedure
4.2(c). 

A sworn motion pursuant to Rule 306a reinvokes the
jurisdiction of the trial court for the limited purpose of conducting a hearing
to determine the date on which appellant or his counsel first received notice
or acquired knowledge of the judgment.  Nathan A. Watson Co. v. Employers
Mut. Cas. Co., 218 S.W.3d 797, 800 (Tex. App.—Fort Worth 2007, no pet). 
Unless appellant establishes the date of notice or knowledge of the judgment so
as to extend the time for filing his motion for new trial and notice of appeal,
this court is without jurisdiction over the appeal.  See Memorial Hosp. of Galveston Cty. v.
Gillis, 741 S.W .2d
364, 365 (Tex. 1987) (per curiam) (holding that compliance with the provisions
of Rule 306a is a jurisdictional prerequisite when lack of notice of the
judgment is claimed).

Accordingly, on September 30, 2010, this court ordered
appellant to file a supplemental clerk’s record containing the trial court’s
order establishing the date that appellant received notice or acquired actual
knowledge of the judgment, thereby extending the time for filing post-judgment
motions.  The order advised appellant that unless the record was supplemented
as ordered within thirty days, the appeal would be dismissed for want of
jurisdiction.  See Tex. R. App. P. 42.3(a).  No response was filed.

On November 18, 2010, notification was transmitted to the
parties of this court’s intention to dismiss the appeal for want of
jurisdiction unless appellant filed a response demonstrating grounds for
continuing the appeal on or before December 1, 2010.  See Tex. R. App.
P. 42.3(a).  Appellant filed a request for an extension of time to file the
supplemental record until December 10, 2010.  The request was granted, but the
supplemental record was not filed.

The reporter’s record was filed December 30, 2010.  The
record includes the record from the hearing on appellant’s motion for new trial
and his Rule 306a motion to determine the date on which appellant or his
counsel first received notice or acquired knowledge of the judgment.  At the
conclusion of the hearing, the trial court denied the motions without making a
finding pursuant to rule 306a.  

On January 10, 2011, appellant filed a document entitled
“Memorandum: Davila’s Supplemental Record (Reporter’s Record) & Timeline.” 
The document contains counsel’s recitation of the timeline after judgment with
citations to the reporter’s record.  It does not include an order from the
trial court finding the date on which appellant or his counsel first received
notice or acquired knowledge of the judgment.  

In the absence of an order from the trial court on
appellant’s Rule 306a motion, this court is without jurisdiction over this
appeal.  See Memorial Hosp., 741 S.W.2d at 365; see also Tex. R.
App. P. 4.2(c).  Moreover, even if appellant had established notice on July 6,
2010, the date he alleged in his motion, his post judgment motions filed August
6, 2010, and August 12, 2010, were untimely to extend the appellate timetable. 
A motion for new trial, or other post-judgment motion, must be filed within
thirty days of the signing of the judgment.  Tex. R. Civ. P. 329b(a).  If
appellant had properly established the date of notice as July 6, 2010, so as to
commence the appellate timetable, any post-judgment motion was due on or before
August 5, 2010, thirty days later.  See id.  In the absence of a timely
post-judgment motion, appellant’s notice of appeal would have also been due on
August 5, 2010.  See Tex. R. App. P. 26.1.  Appellant did not file his
notice of appeal until September 3, 2010.  In the absence of a timely notice of
appeal, we are without jurisdiction.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice
Hedges and Justices Frost and Christopher.